**Paul M. Sanders**
Office Address:
1607 Silkwood Dr.
Modesto, Ca. 95350
Phone: 209-527-6324
e-mail: paulmsanders@yahoo.com
Plaintiff *Pro Se*



E-filing

FILED

FEB 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND



# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN CALIFORNIA DISTRICT

**PAUL M. SANDERS**, an individual,

        Plaintiff,

**HIGHLAND GENERAL HOSPITAL**, d/b/a
**ALAMEDA COUNTY MEDICAL CENTER,**
a corporation, **DR. H. STEELE,** an individual,
**DR. A. PEASE,** an individual, **DR. G. HERN,**
an individual, **DR. R. CLEMENTS,** an individual,
**DR. D. PRICE,** an individual, and **DOES 1-20** et al,

        Defendants.

Case No. C08-00989 JCS

**COMPLAINT**
Emergency Medical
Treatment and Active
Labor Act
(42 USC 1395dd)

**Plaintiff alleges:**

1.    Plaintiff brings this complaint for violations of 42 U.S.C. §1395dd, also known as the Federal Emergency Medical Treatment and Active Labor Act and for supplemental state law medical malpractice claims.

Page 1 – COMPLAINT

2. The court's jurisdiction arises under 28 U.S.C. §1331 and 42 U.S.C. §1395dd. Plaintiff has also alleged state law claims for medical malpractice, all of which derive from a common nucleus of operative fact. The court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367, because they are so related to the claims in Counts I through V that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff is a resident of Contra Costa County, California had no Medical Insurance, though he may ultimately be able to be financially responsible for any costs incurred for emergency medical treatment and was visiting Family and Friends when the violations of 42 U.S.C. 1395dd allegedly occurred.

4. Defendant Highland General Hospital d/b/a Alameda County Medical Center ("Hospital") is a corporation, which at all times owned, operated, and managed Hospital, an acute care hospital providing services to members of the general public, such as plaintiff Paul M. Sanders.

5. Hospital is a participating hospital within the meaning of 42 U.S.C. § 1395dd(e).

6. Defendants Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians at all times material held themselves out to be a physician licensed to practice medicine in the state of California, practicing in the specialties of general medicine and emergency room medicine.

7. For the care complained of here, plaintiff Paul M. Sanders became a patient of Hospital and of Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern

and Dr. Price and other unknown Hospital physicians on or about February 5, 2008.

8.      At all times material to the allegations in the Complaint, Hospital had a hospital emergency department.

9.      On or about February 5, 2008, Plaintiff Paul M. Sanders suffered from Chest Pains and very high Blood Pressure and went to Hospital's Emergency Department ("Department").

10.     Upon arrival at the Department, Plaintiff Paul M. Sanders suffered from an emergency medical condition.

11.     Request was made by plaintiff Paul M. Sanders for evaluation and treatment.

12.     Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price, and other unknown Hospital physicians, evaluated plaintiff Paul M. Sanders in the Department.

13.     At all times material to this Complaint, Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown physicians were acting as an employee, apparent employee, agent or servant of Hospital, acting within the scope of their employment, apparent employment, agency or master-servant relationship.

## Count I

14.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 13.

15.   Hospital, acting through its employees, apparent employees, agent or contractors, determined that plaintiff Paul M. Sanders had a emergency medical condition when he presented to the Department.

16.   Hospital, acting through its employees, apparent employees, agent or contractors, failed to provide appropriate medical screening examination within the capacity of its emergency department, including routinely available ancillary services, to determine if an emergency medical condition existed.

17.   Hospital, acting through its employees, apparent employees, agent or contractors, failed to provide necessary medical treatment necessary to stabilize plaintiff Paul M. Sanders and discharged plaintiff Paul M. Sanders in an unstable condition because plaintiff Paul M. Sanders lacked medical insurance and was not a resident of Alameda County.

18.   Hospitals action or inactions violated 42 U.S.C. § 1395dd et seq.

19.   As a proximate result of Hospital's failure to appropriately screen, examine and treat plaintiff Paul M. Sanders, the causation of his chest pains and high blood pressure went undiagnosed and untreated until such a time that plaintiff Paul M. Sanders sought treatment at another emergency department, soon thereafter, causing plaintiff Paul M. Sanders to incur addition costs for that treatment and to suffer unnecessary physical and emotional pain due to a natural fear of death as a result of the delay in the diagnosis and treatment of his chest pains and high blood pressure.

////

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre-and post-judgment interests and for other and further relief as is permitted by law.

## Count II

20.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 19.

21.   Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians, failed to use the skill and care ordinarily used by reasonably well-qualified emergency room physicians, given due consideration for the locality involved. In failing to properly diagnose the proximate cause of plaintiff Paul M. Sanders' obvious High Blood Pressure and Chest Pains, Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians actions showed a conscious disregard for the safety and well being of plaintiff Paul M. Sanders.

22.   As a proximate result of Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physician's negligence and gross negligence, plaintiff Paul M. Sanders suffered the damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre-and post-judgment interests and for other and further relief as is permitted by law.

////
////

## Count III

23.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22.

24.    At all relevant times, Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians, was an apparent employee of Hospital, acting within the scope of their employment.

25.    Hospital allowed Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians to perform services for plaintiff Paul M. Sanders that were accepted under the reasonable belief that the services were being rendered by Hospital or its servants. In so doing, Hospital held out Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians as its employees and plaintiff Paul M. Sanders looked to Hospital for care. Additionally, Hospital represented that Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians was its agent or employee and thereby caused plaintiff Paul M. Sanders to justifiably rely upon the skill or care of Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians.

26.    As a proximate result, plaintiff Paul M. Sanders suffered damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff Paul M. Sanders requests an award of compensatory damages against Hospital for pre-and post-judgment interests and for other and further relief as is permitted by law.

////
////

Page 6 – COMPLAINT

## COUNT IV

**27.**     Plaintiff realleges and incorporates by reference Paragraphs 1 through 26.

**28.**     At all times material to this Complaint, Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians was an employee of Hospital acting within the scope of their employment.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre-and post-judgment interests and for other and further relief as is permitted by law.

## COUNT V

**29.**     Plaintiff realleges and incorporates by reference Paragraphs 1 through 28.

**30.**     Hospital failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care of reasonably well-qualified hospitals under the circumstances giving due consideration to the locality involved. Its negligence included, but was not limited to, failing to have in place proper procedures and protocols for the evaluation of patients in its emergency rooms such as plaintiff Paul M. Sanders, negligently dumping plaintiff Paul M. Sanders as a patient based upon the perception of his inability to pay and because of his lack of residency in Alameda County and negligently granting, maintaining, and failing to terminate the staff privileges of Dr. Steele, Dr. Pease, Dr. Clements, Dr. Hern and Dr. Price and other unknown Hospital physicians.

**31.** As a proximate result, plaintiff Paul M. Sanders suffered damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre-and post-judgment interests and for other and further relief as is permitted by law.

Dated: February 18, 2008

Submitted By: *[signature]*
Paul M. Sanders - Plaintiff *PRO SE*