GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER
A Public Hospital Authority, sued herein as
"Highland General Hospital"

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. SANDERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HIGHLAND GENERAL HOSPITAL d/b/a ALAMEDA COUNTY MEDICAL CENTER, a corporation, DR. H. STEELE, an individual, DR. A. PEASE, an individual, DR. G. HERN, an individual, DR. R. CLEMENTS, an individual, DR. D. PRICE, an individual, and DOES 1-20, et al.<br><br>　　　　Defendants. | Case No.: 08-CV-00989 JCS<br><br>**ANSWER TO COMPLAINT BY ALAMEDA COUNTY MEDICAL CENTER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: February 19, 2008 |

Comes now defendant ALAMEDA COUNTY MEDICAL CENTER, a Public Hospital Authority, sued herein as "HIGHLAND GENERAL HOSPITAL d/b/a ALAMEDA COUNTY MEDICAL CENTER, a corporation," and for its answer to the plaintiff's complaint for damages on file herein, admit, deny and allege as follows:

1.　　Answering the allegations of numbered paragraphs 1, 3, 6, 7, 9, 10, 11, 12, 13, 24, and 28 of said complaint, defendants lack information and belief sufficient to admit or deny the allegations contained in said paragraphs, and, based upon such lack of information and belief, defendants deny said allegations.

-1-

2. Answering the allegations of numbered paragraphs 2, 5, and 8 of said complaint, defendants admit the allegations of said paragraphs.

3. Answering the allegations of numbered paragraphs 4, 15, 16, 17, 18, 19, 21, 22, 25, 26, 30, and 31 of said complaint, defendants deny each and every and all of the allegations of said paragraphs and further deny that plaintiff has sustained any injuries, losses or damages of any kind or character as a result of any conduct on the part of these answering defendants.

4. Answering the allegations of paragraphs 14, 20, 23, 27, and 29 of said complaint, defendants incorporate their responses to the allegations of the paragraphs incorporated therein.

### SEPARATE AFFIRMATIVE DEFENSES

**AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that plaintiff was himself careless and negligent in and about the matters alleged in the complaint, and that said carelessness and negligence on plaintiff's own part proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence shall diminish plaintiff's recovery herein in direct proportion to the extent of such negligence under the doctrine of comparative negligence.

**AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that, prior to and at the time of the occurrence of the alleged incident which is the subject of plaintiff's complaint, plaintiff had knowledge, express or implied, of those matters alleged in the complaint; that plaintiff did with the above-mentioned knowledge voluntarily and of his own free will place himself in an unsafe and dangerous position, and by reason thereof said plaintiff assumed the risk and all risks ordinarily incident thereto; and said assumption of risk bars recovery herein.

**AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this

answering defendant is informed and believes and thereon alleges that plaintiff failed to timely comply with the claim presentation requirements of the California Government Code and/or failed to file said complaint within the time delineated by all applicable statutes of limitations, including, but not limited to Code of Civil Procedure § 340.5 and Government Code § 945.6.

**AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that the claims in plaintiff's complaint are barred by all governmental immunities, including, but not limited to, California Government Code §§ 815, 815.2, 818, 818.8, 820.2, 820.8, 855, 855.4, 855.6, 855.8, 856 and 856.4.

**AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that neither the complaint nor any of its alleged causes of action state facts sufficient to constitute a cause of action against these answering defendants.

**AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that, prior to and at the time of the medical treatment referred to in the plaintiff's complaint, plaintiff was fully informed about and aware of all risks and potential complications associated with said treatment, including all risks and potential complications associated with medications, transfusion of blood products, grafting of tissue, surgical procedures and all other phases and aspects of said medical treatment, and with said information and knowledge, did knowingly, voluntarily and willingly consent and agree to said medical treatment.

**AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that all procedures

ANSWER TO COMPLAINT BY ALAMEDA COUNTY MEDICAL CENTER
*Sanders v. Highland Hospital d/b/a Alameda County Medical Center, et al.*, case no. 08-CV-00989

performed by defendants were reasonable and necessary to the plaintiff's health and well-being, and were all properly performed.

**AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that in the event this answering defendant is found to be liable (which supposition is denied and merely stated for the purpose of the affirmative defense), at the time of trial of this matter said defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff pursuant to California Civil Code § 3333.1.

**AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that in the event this answering defendant is found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in California Civil Code § 3333.2.

**AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that in the event this answering defendant is found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), this defendant may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure § 667.7, paid periodically in whole or in part, as specified in Code of Civil Procedure § 667.7.

**AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that, the injuries, losses and damages, if any there were, allegedly sustained by plaintiff were proximately caused by the conduct of other persons or entities who are not the agents of this defendant, and by reason thereof,

any liability of defendant herein shall be diminished, offset or abated by reason of said conduct.

**AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that it is immune from liability and plaintiff's claim is barred by the doctrine of qualified immunity.

**AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that with respect to any and all emergency medical condition(s) that may have been found to exist in plaintiff, such condition(s) were stabilized in plaintiff prior to his discharge and/or other transfer, or, if not stabilized, that any requirements set forth in 42 U.S.C. section 1395dd for transfer or discharge without such stabilization were reasonably met under the requirements of that statute.

**WHEREFORE**, these answering defendants pray as follows:

1. That plaintiff take nothing by way of his complaint and that this answering defendant be dismissed hence;
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: May 23, 2008

                BOORNAZIAN, JENSEN & GARTHE
                A Professional Corporation

        By:    /s/ Jill P. Sazama, Esq.
                JILL P. SAZAMA, ESQ.
                Attorneys for Defendant
                ALAMEDA COUNTY MEDICAL CENTER

## DEMAND FOR JURY TRIAL

Defendant ALAMEDA COUNTY MEDICAL CENTER hereby demands a jury trial for any and all causes of action that may be so tried.

DATED: May 23, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: /s/ Jill P. Sazama, Esq.
JILL P. SAZAMA, ESQ.
Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER

25391\432823

ANSWER TO COMPLAINT BY ALAMEDA COUNTY MEDICAL CENTER
*Sanders v. Highland Hospital d/b/a Alameda County Medical Center, et al.*, case no. 08-CV-00989