```
GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND GENERAL HOSPITAL d/b/a ALAMEDA COUNTY MEDICAL CENTER, a corporation, DR. H. STEELE, an individual, DR. A. PEASE, an individual, DR. G. HERN, an individual, DR. R. CLEMENTS, an individual, DR. D. PRICE, an individual, and DOES 1-20, et al.<br><br>Defendants. | Case No.: 08-CV-00989 VRW<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT ALAMEDA COUNTY MEDICAL CENTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Thursday, December 4, 2008<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br><br>Complaint Filed: February 19, 2008 |

**TO PLAINTIFF IN PROPIA PERSONA:**

**PLEASE TAKE NOTICE THAT** on Thursday, **December 4, 2008, at 2:30 p.m.** or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-captioned court, located at 450 Golden Gate Avenue, 17th Floor, in San Francisco, California defendant ALAMEDA COUNTY MEDICAL CENTER (hereafter "ACMC") will and hereby does move pursuant Federal Rule of Civil Procedure 12(c) for an order granting judgment on the pleadings in favor of ACMC and against plaintiff PAUL SANDERS as to any and all state law negligence claims asserted against ACMC in plaintiff's complaint. Said motion shall be made upon the ground that plaintiff's

state law negligence claims are barred by plaintiff's failure to comply with the California Tort Claims Act.

     Said motion shall be made based on this notice of motion and memorandum of points and authorities in support thereof, all pleadings, documents and records on file with the court herein, all matters of which the court is requested to take judicial notice and such other and further oral and documentary evidence which may be presented to the court prior to or at the hearing on this motion.

DATED: August 27, 2008

                                          BOORNAZIAN, JENSEN & GARTHE
                                          A Professional Corporation


                          By:     /s/ Jill P. Sazama, Esq.
                                    JILL P. SAZAMA, ESQ.
                                    Attorneys for Defendants

25391\439716

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENANT ALAMEDA COUNTY MEDICAL CENTER; MEM. OF POINTS AND AUTHORITIES IN SUPPORT**
*Sanders v. Highland General Hospital, et al.*, case no. 08-CV-00989 VRW

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
# OF MOTION TO DISMISS
# TABLE OF AUTHORITIES

**Cases**          **Page**

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526 (9th Cir. 1997) .................. 3

*Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) ...... 4

*State of California v. Superior Court*, 32 Cal. 4th 1234 (2004) .................. 4

**Statutory Authority**

42 USC section 1395dd ....................................................................... 3

California Government Code section 900 ............................................ 4

California Government Code section 900.4 ......................................... 4

California Government Code section 905 ............................................ 4

California Government Code section 945.4 ......................................... 4

California Government Code section 950.2 ......................................... 4

**Other Authority**

Federal Rule of Civil Procedure 12(c) .................................................. 3

25391\440855

i

## INTRODUCTION

This is an action for personal injuries brought by plaintiff against the ALAMEDA COUNTY MEDICAL CENTER ("ACMC") and certain physicians employed by ACMC, arising from treatment rendered to plaintiff on February 5, 2008 at Highland General Hospital ("Highland") in Oakland, an acute care hospital operated by ACMC. Plaintiff's complaint purports to state causes of action against the defendants based theories of state law negligence in the rendition of medical care and violation of 42 USC section 1395dd, et seq., the Emergency Medical Treatment and Active Labor Act. As discussed more fully below, the plaintiff's state law negligence claims fail as to ACMC, and judgment on the pleadings should be granted in favor of ACMC pursuant to Federal Rule of Civil Procedure 12(c).

## STATEMENT OF FACTS

On February 5, 2008, Plaintiff sought emergency medical treatment at Highland for chest pains and high blood pressure. Doc#1 at 3, (Complaint, ¶ 9). Highland is operated by ACMC, which is a public entity. Defendants' Request for Judicial Notice, at 1:25 – 2:11 and Exhibit A thereto. The individual physician defendants, employees of Highland, all evaluated plaintiff in the emergency department for complaints of chest pain and high blood pressure. Doc#1 at 3 (Complaint, ¶¶ 9-13). Plaintiff alleges that ACMC and these defendants, acting as agents or employees of ACMC, failed to properly screen, diagnose, or treat him. Doc#1 at 3, 4, 5, 6, 7 (Complaint, ¶¶ 13, 15-19, 21, 24-25, 28, 30). As a result, Plaintiff alleges that he was later required to seek treatment at another emergency department. Doc#1 at 4 (Complaint, ¶ 19).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that, after the pleadings have closed, but early enough not to delay trial, a party may move for judgment on the pleadings. "'A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997).

# ARGUMENT

**Plaintiff Has Not Alleged Compliance with the California Tort Claims Act**

Counts II through V assert claims for medical negligence against ACMC pursuant California law. Doc. #1, at 5-8 (Complaint, ¶¶ 20–31). However, any such claims are barred, because plaintiff has failed to plead compliance with the California Tort Claims Act, California Government Code section 900, et seq. ("Tort Claims Act"). Specifically, plaintiff has failed to allege that, prior to filing the complaint for damages, he presented a written claim for money damages to the governing body of ACMC, as required by California Government Code sections 945.4, 905, 950.2 and 900.4. Compliance with the claim presentation requirements of the Tort Claims Act is an essential element of any cause of action for damages against a California public entity or public employee, which must be affirmatively alleged. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995), *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243 (2004).

As noted above, ACMC, which operates Highland, is a public entity. Consequently, plaintiff's failure to allege compliance with the Tort Claims Act bars his state law negligence claims against them, and said claims should be dismissed.

# CONCLUSION

Because plaintiff has failed to allege compliance with the Tort Claims Act, his state law medical negligence claims are barred. Therefore, as a matter of law, judgment on the pleadings should be granted in favor of ACMC as to those claims.

DATED: August 27, 2008

        BOORNAZIAN, JENSEN & GARTHE
        A Professional Corporation

By: ___/s/ Jill P. Sazama, Esq.___
      JILL P. SAZAMA, ESQ.
      Attorneys for Defendants

25391\439716

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT ALAMEDA COUNTY MEDICAL CENTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Paul M. Sanders                              **Plaintiff in Pro Per**
1607 Silkwood Drive
Modesto, CA 95350
paulmsanders@yahoo.com
[Via E-mail and Mail]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 27, 2008.

_____
CARMEN KALT

25391\439716

-5-
**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENANT ALAMEDA COUNTY MEDICAL CENTER; MEM. OF POINTS AND AUTHORITIES IN SUPPORT**
*Sanders v. Highland General Hospital, et al.*, case no. 08-CV-00989 VRW