1  GREGORY J. ROCKWELL, ESQ. (SBN 67305)
   grockwell@bjg.com
2  JILL P. SAZAMA, ESQ. (SBN 214215)
   jsazama@bjg.com
3  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
4  555 12th Street, Suite 1800
   P. O. Box 12925
5  Oakland, CA  94604-2925
   Telephone: (510) 834-4350
6  Facsimile: (510) 839-1897

7  Attorneys for Defendants
   ALAMEDA COUNTY MEDICAL CENTER,
8  A Public Hospital Authority, sued herein as
   "Highland General Hospital,"
9  HELEN STEELE, M.D., sued herein as "DR. H. STEELE,"
   ABIGAIL PEASE, M.D., sued herein as, "DR. A. PEASE,"
10 HERBERT E. HERN, JR., M.D., sued herein as, "DR. G. HERN,"
   R. CARTER CLEMENTS, M.D., sued herein as, "DR. R. CLEMENTS"
11 and DANIEL PRICE, M.D., sued herein as, "DR. D. PRICE"

12                      UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. SANDERS, | Case No.: 08-CV-00989 VRW |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| HIGHLAND GENERAL HOSPITAL d/b/a ALAMEDA COUNTY MEDICAL CENTER, a corporation, DR. H. STEELE, an individual, DR. A. PEASE, an individual, DR. G. HERN, an individual, DR. R. CLEMENTS, an individual, DR. D. PRICE, an individual, and DOES 1-20, et al. | Date: December 4, 2008<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br><br>Complaint Filed: February 19, 2008 |
| Defendants. | |

**TO PLAINTIFF IN PROPIA PERSONA:**

   **PLEASE TAKE NOTICE THAT** on Thursday, **December 4, 2008, at 2:30 p.m.** or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-captioned court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, defendants HELEN STEELE, M.D., sued herein as "DR. H. STEELE," ABIGAIL PEASE, M.D., sued herein as, "DR.

-1-

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
*Sanders v. Highland General Hospital,, et al.*, case no. 08-CV-00989 VRW

A. PEASE," HERBERT E. HERN, JR., M.D., sued herein as, "DR. G. HERN," R. CARTER CLEMENTS, M.D., sued herein as, "DR. R. CLEMENTS" and DANIEL PRICE, M.D., sued herein as, "DR. D. PRICE", (collectively "Physician Defendants") will move, and hereby do move, for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing all claims against them alleged in the plaintiff's complaint. Said motion shall be made upon the ground that said complaint fails to state a claim against defendants upon which relief may be granted because: (1) the state law negligence claims are barred by plaintiff's failure to comply with the California Tort Claims Act, and (2) defendants cannot be held liable for any claim brought pursuant to 42 USC section 1395dd, et seq. the Emergency Medical Treatment and Active Labor Act (hereafter "EMTALA").

Said motion shall be made based on this notice of motion and memorandum of points and authorities in support thereof, all pleadings, documents and records on file with the Court herein, all matters of which the court is requested to take judicial notice and such other and further oral and documentary evidence which may be presented to the court prior to or at the hearing on this motion.

DATED: August 27, 2008

>BOORNAZIAN, JENSEN & GARTHE
>A Professional Corporation
>
>By: _____/s/ Jill P. Sazama, Esq._____
>JILL P. SAZAMA, ESQ.
>Attorneys for Defendants
>ALAMEDA COUNTY MEDICAL
>CENTER, STEELE, PEASE, HERN,
>CLEMENTS, and PRICE

25391\439470

-2-

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
*Sanders v. Highland General Hospital,, et al.*, case no. 08-CV-00989 VRW

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
# OF MOTION TO DISMISS
# TABLE OF AUTHORITIES

**Cases** — Page

*Eberhardt v. City of Los Angeles*, 62 F.3d 1253 (9th Cir. 1995).................. 4

*Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135 (9th Cir. 2003)......... 3

*Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995)...... 4

*State of California v. Superior Court*, 32 Cal. 4th 1234 (2004).................. 4

**Statutory Authority**

42 USC section 1395dd............................................................................. 3

California Government Code section 900.............................................. 4

California Government Code section 900.4........................................... 4

California Government Code section 905.............................................. 4

California Government Code section 945.4........................................... 4

California Government Code section 950.2........................................... 4

**Other Authority**

Federal Rule of Civil Procedure 12(b)(6)................................................ 3

25391\441205

NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
*Sanders v. Highland Hospital, et al.*, Case No. 08-CV-00989 VRW

# INTRODUCTION

This is an action for personal injuries brought by plaintiff against the ALAMEDA COUNTY MEDICAL CENTER ("ACMC") and the Physician Defendants arising from treatment rendered to plaintiff on February 5, 2008 at Highland General Hospital ("Highland") in Oakland, an acute care hospital operated by ACMC. Plaintiff's complaint purports to state causes of action against the defendants based theories of state law negligence in the rendition of medical care and violation of 42 USC section 1395dd, et seq., the Emergency Medical Treatment and Active Labor Act ("EMTALA"). As discussed more fully below, the plaintiff's complaint fails to state a claim upon which relief can be granted as to the Physician Defendants, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

# STATEMENT OF FACTS

On February 5, 2008, Plaintiff sought emergency medical treatment at Highland for chest pains and high blood pressure. Doc#1 at 3, (Complaint, ¶ 9). Highland is operated by ACMC, which is a public entity. Defendants' Request for Judicial Notice, at 1:25 – 2:11 and Exhibit A thereto. The Physician Defendants, employees of Highland, all evaluated plaintiff in the emergency department for complaints of chest pain and high blood pressure. Doc#1 at 3 (Complaint, ¶¶ 9-13). Plaintiff alleges that these defendants failed to properly screen, diagnose, or treat him. Doc#1 at 4, 5, 7 (Complaint, ¶¶ 15-19, 21, 30). As a result, Plaintiff alleges that he was later required to seek treatment at another emergency department. Doc#1 at 4 (Complaint, ¶ 19).

# STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed where it fails to state a claim upon which relief may be granted. "Dismissal for failure to state a claim is appropriate if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)." *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003).

# ARGUMENT

**Plaintiff Has Not Alleged Compliance with the California Tort Claims Act**

-3-

Count Two[1] of Plaintiff's complaint asserts claims for medical negligence against the Physician Defendants pursuant to California law. Doc#1 at 5 (Complaint, ¶¶ 20-22). However, any such claims are barred, because plaintiff has failed to plead compliance with the California Tort Claims Act, California Government Code section 900, et seq. ("Tort Claims Act"). Specifically, plaintiff has failed to allege that, prior to filing the complaint for damages, he presented a written claim for money damages to the governing body of ACMC, as required by California Government Code sections 945.4, 905, 950.2 and 900.4. Compliance with the claim presentation requirements of the Tort Claims Act is an essential element of any cause of action for damages against a California public entity or public employee, which must be affirmatively alleged. *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995), *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243 (2004).

As noted above, ACMC, which operates Highland, is a public entity, and the Physician Defendants are alleged to be its employees. Consequently, plaintiff's failure to allege compliance with the Tort Claims Act bars his state law negligence claims against them, and said claims should be dismissed.

**Any Claim for Violation of EMTALA Against the Physician Defendants Fails Because EMTALA Does Not Permit Suit Against Physicians**

To the extent that plaintiff seeks to recover damages based upon an EMTALA claim against the Physician Defendants, such claims are barred as a matter of law. The Ninth Circuit has held that "EMTALA does not allow private suits against physicians." *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1257 (9th Cir. 1995). Plaintiff's complaint is ambiguous as to whether he is asserting an EMTALA claim against the Physician Defendants. To the extent Plaintiff's complaint contains (or could be construed to contain) such a claim, the Physician Defendants respectfully submit that any such claim should be dismissed as a matter of law.

**CONCLUSION**

---

[1] Counts III through V appear to assert grounds in support of negligence, but against ACMC, rather than the Physician Defendants. Doc.#1 at 6, 7 (Complaint, ¶¶ 24-25, 28, 29).

-4-

Neither of Plaintiff's two theories of liability lie against the Physician Defendants. Because plaintiff has failed to allege compliance with the Tort Claims Act, his state law medical negligence claims are barred. To the extent that plaintiff may be seeking to impose liability upon said defendants based upon EMTALA violations, such claims are barred because EMTALA does not impose liability upon physicians. The Physician Defendants therefore respectfully request that their motion be granted.

DATED: August 27, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation


By: _____/s/ Jill P. Sazama, Esq._____
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
ALAMEDA COUNTY MEDICAL CENTER, STEELE, PEASE, HERN, CLEMENTS, and PRICE

25391\439470

-5-
**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
*Sanders v. Highland General Hospital,, et al.*, case no. 08-CV-00989 VRW

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS STEELE, PEASE, HERN, CLEMENTS, AND PRICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Paul M. Sanders                          **Plaintiff in Pro Per**
1607 Silkwood Drive
Modesto, CA 95350
paulmsanders@yahoo.com
[Via E-mail and Mail]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 27, 2008.

_____
CARMEN KALT

25391\439470