GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
ALAMEDA COUNTY MEDICAL CENTER
A Public Hospital Authority, sued herein as
"Highland General Hospital,"
HELEN STEELE, M.D., sued herein as "DR. H. STEELE,"
ABIGAIL PEASE, M.D., sued herein as, "DR. A. PEASE,"
HERBERT E. HERN, JR., M.D., sued herein as, "DR. G. HERN,"
R. CARTER CLEMENTS, M.D., sued herein as, "DR. R. CLEMENTS"
and DANIEL PRICE, M.D., sued herein as, "DR. D. PRICE"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. SANDERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HIGHLAND GENERAL HOSPITAL d/b/a ALAMEDA COUNTY MEDICAL CENTER, a corporation, DR. H. STEELE, an individual, DR. A. PEASE, an individual, DR. G. HERN, an individual, DR. R. CLEMENTS, an individual, DR. D. PRICE, an individual, and DOES 1-20, et al.<br><br>　　　　Defendants. | Case No.: 08-CV-00989 VRW<br><br>ASSIGNED TO JUDGE VAUGHN R. WALKER<br><br>Complaint Filed: February 19, 2008<br><br>**DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date:　September 11, 2008<br>Time:　3:30 p.m.<br>Dept.:　Courtroom #6, 17th Floor<br>　　　　San Francisco |

　　　　Defendants[1] collectively submit this separate case management statement. Defendants were unable to communicate with plaintiff in order to meet and confer and prepare a joint case

---

[1] "Defendants" refers to ALAMEDA COUNTY MEDICAL CENTER, sued herein as "Highland General Hospital," HELEN STEELE, M.D., sued herein as "DR. H. STEELE," ABIGAIL PEASE, M.D., sued herein as, "DR. A. PEASE," HERBERT E. HERN, JR., M.D., sued herein as, "DR. G. HERN," R. CARTER CLEMENTS, M.D., sued herein as, "DR. R. CLEMENTS" and DANIEL PRICE, M.D., sued herein as, "DR. D. PRICE"

-1-

management conference, despite making attempts to do so via telephone and e-mail. Defendants are informed that plaintiff has been outside of California and not reachable via the contact information already on file with the court. Because Defendants were unable to meet and confer with plaintiff before this statement became due, Defendants have submitted this separate case management conference statement to the court.

1. Jurisdiction and Service

This case asserts claims for (1) violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. section 1395dd, et seq. and (2) state medical malpractice/negligence. Plaintiff PAUL SANDERS ("Plaintiff") claims that the Alameda County Medical Center ("ACMC") and several physicians who work for ACMC[2] violated EMTALA and were negligent in the medical treatment provided to him on February 5 and 6, 2008. Federal question jurisdiction is asserted, and supplemental jurisdiction is asserted over the state law claims. Plaintiff has properly served only ACMC, which has filed an answer. The physician defendants have not been properly served. Defense counsel offered to accept service on behalf of the physician-defendants by Notice of Acknowledgment of Service. Counsel has not received any response or a request to serve these defendants in this fashion from Plaintiff.

2. Facts

Plaintiff arrived at the emergency room of Highland Hospital, a campus of ACMC, on the afternoon of February 5, 2008, with complaints of chest pain, and a history of hypertension, diabetes, hepatitis C, and a heart murmur. Over the next 13-14 hours, he was examined by several ACMC physicians, his blood and metabolic levels were tested, his chest was x-rayed, he was given two EKGs and an echocardiogram, and he was prescribed medication to treat his high blood pressure and diabetes. He was ultimately discharged with medication and directions to schedule a follow-up appointment with either his primary care physician or one of ACMC's physicians.

---

[2] The physician-defendants are HELEN STEELE, M.D., sued herein as "DR. H. STEELE," ABIGAIL PEASE, M.D., sued herein as, "DR. A. PEASE," HERBERT E. HERN, JR., M.D., sued herein as, "DR. G. HERN," and R. CARTER CLEMENTS, M.D., sued herein as, "DR. R. CLEMENTS" and DANIEL PRICE, M.D., sued herein as, "DR. D. PRICE"

-2-

DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT
*Sanders v. Highland Hospital d/b/a Alameda County Medical Center, et al.*, case no. 08-CV-00989

1  Plaintiff asserts (and Defendants dispute) that ACMC and the individual physicians failed to
2  provide him with an adequate medical screening, and failed to provide necessary medical
3  treatment to stabilize him. Plaintiff also asserts, and Defendants dispute, that the causation of his
4  chest pains and high blood pressure went undiagnosed and untreated such that Plaintiff had to seek
5  treatment at another emergency department. Lastly Plaintiff asserts, and Defendants dispute, that
6  his inadequate treatment was in part due to the perception of his inability to pay and because of his
7  lack of residency in Alameda County.
8      The principal factual issues in dispute are:
9          a.    whether Plaintiff was appropriately medically screened;
10         b.    whether Plaintiff was medically stabilized prior to being released; and
11         c.    whether the medical care provided by Defendants to Plaintiff was medically
12  appropriate and adequate.
13  3.  Legal Issues
14      The principal legal issues in dispute are:
15         a.    whether any Defendants violated the requirements of EMTALA;
16         b.    whether the individual defendants can be held liable under EMTALA;
17         c.    whether any Defendants improperly diagnosed or treated Plaintiff such that
18               they committed medical negligence;
19         d.    whether any Defendants failed to diagnose or treat Plaintiff such that they
20               committed medical negligence; and
21         e.    whether Plaintiff has complied with the California Tort Claims Act
22
23  4.  Motions
24      ACMC has filed a motion for judgment on the pleadings, and the individual physician
25  defendants filed a motion to dismiss. Both are set to be heard on December 4, 2008.
26  5.  Amendment of Pleadings
27      Plaintiff has not currently stated any intent to amend the pleadings further. If any of the
28

-3-
DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT
*Sanders v. Highland Hospital d/b/a Alameda County Medical Center, et al.*, case no. 08-CV-00989

above motions are granted with leave to amend, the complaint will be amended.

6. <u>Evidence Preservation</u>

Defendants are not aware of any evidence preservation problems regarding evidence in their possession.

7. <u>Disclosures</u>

The parties have not yet made their Rule 26(a) disclosures to each other. Defendants will do so by the date set forth in Rule 26(a).

8. <u>Discovery</u>

None of the parties have conducted any discovery. ACMC anticipates propounding written discovery on the plaintiff to obtain information regarding his prior medical history, his treatment subsequent to the incident in this case, and to verify any damages claimed. ACMC will then likely depose plaintiff.

9. <u>Class Actions</u> – This is not a class action.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Plaintiff seeks to recover compensatory damage plus interest, plus such other relief as the Court may deem just. The Defendants request that Plaintiff takes nothing by his complaint. Defendants also seek recovery of their costs and such other amounts as the Court deems just.

12. <u>Settlement and ADR</u>

Defendants currently dispute any liability on their part. The parties have not yet agreed on an ADR process.

13. <u>Consent to Magistrate Judge for All Purposes</u>

ACMC has declined to proceed before a Magistrate Judge.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Currently Defendants are not aware of any issues that can be narrowed, however discovery has not commenced.

16. Expedited Schedule

Defendants do not believe that an expedited schedule is appropriate.

17. Scheduling

Defendants request:

A trial date of Monday, **December 7, 2009**.

A pretrial conference on Thursday, **November 19, 2009**, 3:30 p.m.

An exchange of witness and exhibit lists by Friday, **November 6, 2009**

Initial expert disclosure by all parties by no later than Monday, **September 7, 2009**

Rebuttal expert witnesses disclosed by Monday, **September 21, 2009**

A non-expert discovery cut-off deadline of **June 1, 2009**.

A deadline for hearing dispositive motions of Thursday, **July 30, 2009**.

18. Trial

Both parties request a trial by jury. Defendants anticipate a 5-7 day trial.

19. Disclosure of Non-party Interested Entities or Persons

Defendants are a public entity and its employees, and so they are not required to disclose.

DATED: September 3, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
ALAMEDA COUNTY MEDICAL CENTER, HELEN STEELE, M.D., ABIGAIL. PEASE, M.D., HERBERT E. HERN, M.D., R. CARTER CLEMENTS, M.D. and DANIEL. PRICE, M.D.

441671/25391

-5-

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

**Plaintiff in Pro Per**
Paul M. Sanders
1607 Silkwood Drive
Modesto, CA 95350
Tele: 209-527-6324
paulmsanders@yahoo.com
[Via E-mail and Mail]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on September 3, 2008.

_____
CARMEN KALT

25391\441671

-6-